(68 App. Div. 385.)

KUNKEL v. WORKMEN'S SICK & DEATH BENEFIT FUND OF THE
UNITED STATES OF AMERICA.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

MUTUAL BENEFIT INSURANCE—DESIGNATION OF BENEFICIARY.

    A member of a mutual benefit association was allowed by the by-laws
to designate his beneficiary by signing a paper called a "testamentary
disposition." The by-law was amended to provide that the benefit
should be paid to a certain class of designated beneficiaries, and that if
the certificate was issued to any of the parties in such class, and all
such class should die, the member might direct that the death benefit
should be paid to any other person. *Held*, that a will by a member who
left no relatives, in which he bequeathed the benefit to a person whom
he nominated as his executrix, was not a "testamentary disposition"
required by the by-law, and such legatee, as executrix, could not re-
cover the death benefit from the association.

Appeal from special term, Dutchess county.

Action by Johanah Kunkel, executrix of John H. Baker, against
the Workmen's Sick & Death Benefit Fund of the United States.
From a judgment in favor of defendant, and dismissing the complaint
on the merits, plaintiff appeals. Affirmed.

The following is the opinion of the court below (GARRETSON, J.):

    The testator's rights in the defendant society arose out of contract, made
pursuant to the statute under which the society was organized,—Insurance
Law (Laws 1892, c. 690), art. 7,—and the constitution and by-laws adopted
by the society by virtue thereof,—Id. §§ 234, 235. At the time the testator
became a member of the society, he was permitted by the by-law to desig-
nate in his lifetime to whom the sick or death benefit should be paid in the
event of his mental derangement or death. This was to be effected by the
signing of a paper adopted and used by the society, and called a "testa-
mentary disposition." By amendment of the by-laws it was thereafter pro-
vided that the benefit should be paid to "the husband, wife, affianced hus-
band, affianced wife, child, child by legal adoption, parent, parent by legal
adoption, relatives of, or persons dependent upon, the member." These bene-
ficiaries constitute a class from which selection is to be made at the option
of the member, even if it is not obligatory that he select therefrom in the
order in which they are named, if there is a person living bearing the speci-
fied relation to the member. And it is further provided that if, in any in-
stance where a death-benefit certificate has been issued to any of the parties
designated in the foregoing class, all of the class shall have died, the mem-
ber may direct that the death benefit shall be paid to any other person. It
is stipulated by the parties hereto that the testator left "no relatives." The
plaintiff sues as executrix of his will, and claims to be entitled to the bene-
fit, as the person designated therein to whom the benefit has been specifically
bequeathed. The question whether she can sue in her representative ca-
pacity, instead of individually, as the legatee of the benefit named in the
will, is suggested, but is unimportant, in view of the conclusion reached
hereon. As stated at the outset in this opinion, the testator's right to make
disposition of the benefit arose out of the contract which he made with the
association, and was limited and qualified by the statute, and by the con-
stitution and by-laws of the society adopted thereunder. It was also sub-
ject to modification by such changes or amendments as might thereafter be
made in the constitution and by-laws not inconsistent with law. Neither
the statute nor the constitution nor the by-laws in force at the time the tes-
tator became a member of the society, or at the time of his death, author-
ized a disposition of the benefit by will, or the designation of a beneficiary
in that manner. The naming of the plaintiff in the will as the legatee of
the benefit was not the "testamentary disposition" provided to be made, as
has been intimated above. The plaintiff's complaint, therefore, does not

state facts sufficient to constitute a cause of action.  Hellenberg· v. District No. 1 of Independent Order of B'nai Berith, 94 N. Y. 580.

There must be judgment for the defendant, dismissing the complaint, with costs.  Let a proposed decision and judgment be prepared accordingly and submitted.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Morschauser & Wood, for appellant.

Hillquit & Hillquit, for respondent.

PER CURIAM.  Judgment affirmed, with costs, on the opinion of Mr. Justice GARRETSON.